UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HAILEY ALEXIA PEREZ,<br><br>      Plaintiff(s),<br><br>v.<br><br>RAMANJIT SINGH, et al.,<br><br>      Defendant(s). | Case No. 2:24-cv-01650-RFB-NJK<br><br>**ORDER**<br><br>[Docket No. 24] |

      Pending before the Court is an amended stipulation to extend case management deadlines. Docket No. 24.

      A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

      The gist of the request is that Plaintiff continues to receive medical care, the parties need more time to schedule a medical examination, and the parties are conferring about discovery disputes. *See* Docket No. 24 at 2. In cases involve continuing medical treatment, the Court cannot effectively hold matters in abeyance *ad infinitum* until the treatment concludes. At some juncture, the case must move forward with a claim for future medical damages for any remaining treatment. The Court will at this time allow the extension sought, though it is unclear why a full 90 days are needed based on the reasons provided. The Court is not inclined to extend the deadlines further absent a robust showing of good cause.

      Accordingly, the amended stipulation is **GRANTED** in part and **DENIED** in part. Case management deadlines are **SET** as follows:

- Amend pleadings/add parties: closed

1

- Initial experts:  January 21, 2025
- Rebuttal experts:  May 21, 2025
- Discovery cutoff:  June 17, 2025
- Dispositive motions:  July 17, 2025
- Joint proposed pretrial order:  August 18, 2025, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: January 17, 2025

_____
Nancy J. Koppe
United States Magistrate Judge