UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HAILEY ALEXIA PEREZ,

    Plaintiff(s),

v.

RAMANJIT SINGH, et al.,

    Defendant(s).

Case No. 2:24-cv-01650-RFB-NJK

**ORDER**

[Docket No. 32]

    Pending before the Court is Plaintiff's motion for leave to amend. Docket No. 32. Defendants filed a response in opposition. Docket No. 33. Plaintiff filed a reply. Docket No. 34.[1] The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion for leave to amend is **GRANTED** in part and **DENIED** in part.

**I.    BACKGROUND**

    This case involves an alleged personal injury arising out of a vehicle collision. *See* Docket No. 21 (first amended complaint). On September 5, 2024, Defendants removed the case to federal court on diversity grounds. *See* Docket No. 1. On November 15, 2024, the Court issued a scheduling order establishing a deadline to amend the pleadings of December 19, 2024. Docket No. 13. Although other case management deadlines have been extended, the deadline to amend the pleadings expired on December 19, 2024. *See* Docket No. 25. On February 12, 2025, Plaintiff filed a motion for leave to amend, Docket No. 28, which was denied without prejudice for failing to address the governing standards, Docket No. 30. On February 24, 2025, Plaintiff renewed that motion, Docket No. 32, which is the matter currently pending before the Court.

**II.    STANDARDS**

    When a party moves to amend the pleadings after the expiration of the deadline established in the scheduling order, courts review the motion through a multi-step process. As a threshold

---

[1] The Court cites herein to the CMECF pagination, not the native pagination in the filings.

matter, courts treat the motion as seeking to amend the scheduling order. Such a request implicates the "good cause" standard outlined in Rule 16(b) of the Federal Rules of Civil Procedure. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. In particular, courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* The diligence inquiry also addresses other pertinent circumstances, including whether the movant was prompt in seeking relief from the Court once it became apparent that relief from the scheduling order was needed. *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citing *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996)). Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reasons for seeking modification. *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.* The party seeking amendment bears the burden of establishing diligence. *See Singer v. Las Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019); *see also Morgal v. Maricopa Cnty. Bd. Of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

A motion for leave to amend filed after the expiration of the corresponding deadline also requires a showing of excusable neglect. *See Branch Banking & Tr. Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017); *see also* Local Rule 26-3. The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765. The party seeking amendment bears the burden of establishing excusable neglect. *See id.* (affirming finding of no excusable neglect based upon the movant's failure to provide a sufficient showing).

When the movant establishes a sufficient basis for obtaining relief from the governing case management deadline, courts then examine whether amendment is proper under the standards outlined in Rule 15(a). Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Rule 15(a) is to be applied with "extreme

liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. Not all of these factors carry equal weight and prejudice is the "touchstone." *Id.* Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id.* The party opposing the amendment bears the burden of showing why leave should not be permitted under Rule 15(a). *Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338, 343 (D. Nev. 2022).

### III.   ANALYSIS

Plaintiff's motion for leave to amend centers on two sets of proposed amendments: (1) amendments to modify the allegations as to the parties' respective lanes of travel and (2) amendments to add a request for punitive damages related to the alleged failure to comply with procedures in a safety manual. Because the proposed amendments relate to different circumstances and implicate different issues, the Court will address them separately below.

#### A.   LANES OF TRAVEL

Plaintiff seeks to amend the allegations regarding the drivers' lanes of travel to "match the evidence that has been uncovered." Docket No. 32 at 12. Plaintiff points to various discovery information provided in late January or thereafter regarding the drivers' lanes of travel at the time of the underlying incident. *See id.* at 12-13. The Court agrees with Defendants that Plaintiff's efforts to amend the complaint is untimely as to these allegations. *See, e.g.*, Docket No. 33 at 7. Plaintiff was herself one of the drivers involved in the accident, so she has been privy to the parties' respective lane positions since May 18, 2023. *See* Docket No. 21 at ¶ 7 (first amended complaint, alleging date of incident). Plaintiff has also long had access to the police report, which also explicitly identifies the parties' respective lane positions. *See* Docket No. 33-2 at 7. Indeed, that police report was identified in Plaintiff's own initial disclosures. Docket No. 33-3 at 7. The contention that Plaintiff only recently learned of the parties' lanes of travel is disingenuous and belied by the record. Plaintiff knew or should have known this information from day one, but

3

Plaintiff initiated this lawsuit and allowed the amendment deadline to lapse (by several months) before seeking to amend these allegations. In these circumstances, the Court cannot find that Plaintiff was diligent as required by Rule 16(b), so this aspect of the motion for leave to amend will be denied on that basis.[2]

### B.   SAFETY MANUAL AND PUNITIVE DAMAGES

Plaintiff seeks to amend the complaint to add allegations regarding noncompliance with Defendants' safety manual, along with a corresponding request to recover punitive damages.

#### 1.   Good Cause

The parties dispute whether Plaintiff was diligent such that good cause exists to modify the scheduling order. *See, e.g.*, Docket No. 32 at 6; Docket No. 33 at 6. While the Court agrees with Defendants in general that there were some gaps in the discovery activity, the overall picture suffices to establish diligence required for good cause. Plaintiff served requests for production within a few weeks of the issuance of the scheduling order. Docket No. 33-8 (requests for production served on November 26, 2024). Upon receiving the subject safety manual after a meet-and-confer and obtaining pertinent deposition testimony, *see* Docket No. 32-2 (deposition from January 16, 2025), Plaintiff sought leave to amend with respect to this information only a few weeks thereafter, *see* Docket No. 28 (initial motion filed on February 12, 2025). Good cause exists to modify the scheduling order with respect to this set of proposed amendments.

#### 2.   Excusable Neglect

The governing factors for excusable neglect also tilt in Plaintiff's favor. There was not significant delay and there was sufficient reason for that delay, as stated above. Moreover, the case remains in the discovery period, so there is not a significant potential impact on the proceedings and there is minimal danger of prejudice to the defense. With respect to the movant's good faith, Defendants argue that the pending motion is bad-faith gamesmanship designed to improperly thwart Defendants' early motion for partial summary judgment. Docket No. 33 at 9-11. The Court does not find sufficient grounds to deem the motion filed in bad faith. Although

---

[2] The lack of diligence is alone fatal, so the Court need not opine on excusable neglect or the Rule 15 considerations for amendment. *See, e.g.*, *Morgal*, 284 F.R.D. at 460.

seeking leave to amend when facing a motion for summary judgment "*might* reflect bad faith" in certain circumstances, *Lockheed Martin Corp. v. Network Sols, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (emphasis added) (finding that bad faith might be found in seeking leave to amend after summary judgment had been sought to add new causes of action on which discovery had not been obtained), the circumstances here are more readily viewed as a natural progression of the case to amend upon receiving discovery from the opposing party with new information. Stated differently, the fact that leave to amend was sought in this case after the motion for partial summary judgment was filed appears to stem largely from the fact that Defendants filed that motion during the discovery period and a full six months before the pertinent deadline. *See* Docket No. 25 at 2 (setting dispositive motion deadline for July 17, 2025). In short, the Court does not find that Plaintiff's motion was filed in bad faith. Excusable neglect exists to modify the scheduling order with respect to this set of proposed amendments.

           3.      Rule 15 Analysis

Having found that the filing of the instant request after the governing deadline is not an impediment to amendment, the Court turns to the Rule 15 analysis to determine whether amendment is warranted. Defendants argue that the proposed amendment would be futile. Docket No. 33 at 13-19. Although futility can be a ground to deny leave to amend, *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015), courts do not generally deny leave to amend on that ground, *Underwood*, 342 F.R.D. at 346-47. "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or other dispositive motion practice. *See, e.g., in re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008). Defendants provide no reason to chart a different course in this case.

## IV. CONCLUSION

For the reasons discussed above, the motion for leave to amend is **GRANTED** in part and **DENIED** in part. Plaintiff must file a second amended complaint in conformity with the findings made herein by May 29, 2025.

IT IS SO ORDERED.

Dated: May 21, 2025

_____
Nancy J. Koppe
United States Magistrate Judge